ALVERSON TAYLOR & SANDERS
LEANN SANDERS, ESQ.
Nevada Bar No.: 000390
COURTNEY CHRISTOPHER, ESQ.
Nevada Bar No.: 012717
6605 Grand Montecito Parkway, Ste. 200
Las Vegas, NV 89149
Telephone:  (702) 384-7000
efile@alversontaylor.com
Attorneys for Defendant
NEVADA CVS PHARMACY, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**\*\***

| | |
|---|---|
| ATOM MILLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEVADA CVS PHARMACY, LLC; a Nevada Limited Liability Company; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>                    Defendants. | Case No.:  2:19-cv-01554-RFB-VCF<br><br>**STIPULATION TO EXTEND DISCOVERY AND AMEND DISCOVERY SCHEDULING ORDER**<br>**(SECOND REQUEST)** |

**STIPULATION TO EXTEND DISCOVERY AND AMEND**
**DISCOVERY SCHEDULING ORDER**
**(SECOND REQUEST)**

COMES NOW Plaintiff, ATOM MILLER (hereinafter "Plaintiff"); Defendant NEVADA CVS PHARMACY, L.L.C. (hereinafter "CVS") by and through their respective undersigned counsel of record and hereby stipulate to modifying the Scheduling Order pursuant to FRCP 16(b)(4) and extend discovery pursuant to Local Rule 26-4 as set forth herein.

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) provides that a case management schedule can be modified upon a showing of good cause and by leave of the district judge. The good cause standard primarily considers the diligence of the party seeking the amendment. Johnson v.

1

CC-26579

1  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A party moving for an
2  amendment to a scheduling order must therefore show that the scheduling order imposes
3  deadlines that have become unworkable notwithstanding its diligent efforts to comply with the
4  schedule, and that it was diligent in seeking the amendment once it became apparent that
5  extensions were necessary. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Pursuant to Nevada District Court Local Rule 26-4, a motion *or* stipulation to extend a discovery deadline *or* to reopen discovery must include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery.

## II.

## BACKGROUND

This case arises out of an alleged slip-and-fall incident at the CVS Store in Las Vegas, Nevada (Store No. 8798). Plaintiff's Complaint was filed against CVS, alleging causes of action for negligence. Plaintiff alleges that on December 20, 2017, as he was exiting the CVS store, an advertisement sign had fallen onto the ground due to a gust of wind. Plaintiff alleges he slipped on the sign leading to his injuries as described in his Complaint.

## III.

## STIPULATION & DISCUSSION

All counsel has been diligent in completing discovery and familiarizing themselves with the facts and issues. However, in light of the recent coronavirus restrictions, no depositions, site inspections, or IME may be scheduled within the next two – three months, an unforeseen delay the parties did not, and could not have, originally contemplated. Thus, it is now anticipated that the current discovery deadlines will be unworkable.

/ / /
/ / /
/ / /

In addition, a trial has not yet been set and is not imminent; (2) there is no party opposing the request; (3) and no party has expressed prejudice. Therefore, pursuant to the foregoing FRCP 16(b)(4) and Local Rule 26-4 this stipulation is warranted and justified by good cause.

### A.  *Discovery Completed To Date*

1.  Both Plaintiff and CVS have made/served their FRCP 26(f) Disclosures and continue to provide supplements thereto.

2.  Plaintiff has propounded written discovery and Defendant has responded to said written discovery and provided supplements in relation thereto.

3.  Defendant is in the process of obtaining Plaintiff's medical records.

### B.  *Discovery Remaining*

A substantial amount of discovery remains to be completed in this matter. Defendant is still in the process of independently obtaining Plaintiff's medical records. The depositions of Plaintiff Atom Miller and Defendant CVS' 30(b)(6) witness must still be taken; as well as any fact witness deposition that may arise from party depositions.  Experts still need to complete their reviews/inspections, as well as any additional necessary written discovery that may arise in the normal course of discovery.

### C.  *The Reasons Why Discovery Remaining Was Not Completed*

On March 6, 2020, Defendant CVS substituted its counsel of record, as such, new counsel required time to become familiar with the facts and circumstances surrounding the matter. Plaintiff vacated its deposition of Defendant CVS's 30(b)(6) deposition to allow new counsel preparation time. Following this, Nevada Governor Steve Sisolak declared a state of emergency due to the COVID-19 outbreak. Pursuant to this and the Court's orders, discovery outside of written form has not been undertaken for the safety of the parties. Plaintiff and Defendant have continued to have settlement discussions, and wish those to continue without the urgent deadlines for completing discovery and increasing litigation costs.

/ / /

/ / /

For these good causes shown, the parties propose the following one hundred and twenty (120) day extension to the Scheduling Order to fully complete discovery and avoid additional requests to extend the same. The deadlines are based on the current state of affairs and allowing for sufficient time to safely notice and take the depositions of Defendants 30(b)(6) witness and Plaintiff, while also providing for additional time for the parties expert to review and submit their reports.

D.   **Proposed Amended Scheduling Order**

| **Deadline** | **Current** | **Proposed** |
| --- | --- | --- |
| Interim Status Report | May 11, 2020 | **September 10, 2020** |
| Initial Expert Disclosure | May 11, 2020 | **September 10, 2020** |
| Rebuttal Expert Disclosure | June 10, 2020 | **October 12, 2020** |
| Close of Discovery | July 9, 2020 | **November 10, 2020** |
| Dispositive Motions | August 6, 2020 | **December 12, 2020** |
| Joint Pre-Trial Order | September 4, 2020 | **January 11, 2021** |

**THE FOREGOING IS HEREBY STIPULATED AND AGREED.**

Dated this 9th day of June, 2020.   Dated this 10th day of June, 2020.

ADAM SMITH LAW   ALVERSON TAYLOR & SANDERS

/s/ Christian A. Miles                                    _____
Christian A. Miles, Esq.                          LeAnn Sanders, Esq.
Nevada Bar No.: 013193                       Nevada Bar No.: 000390
6130 Elton Ave.                                      Courtney Christopher, Esq.
Las Vegas, NV 89107                            Nevada Bar No.: 012717
*Attorneys for Plaintiff*                           6605 Grand Montecito Parkway, Ste. 200
ATOM MILLER                                    Las Vegas, NV 89149
                                                              *Attorneys for Defendant*
                                                              NEVADA CVS PHARMACY, LLC

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED:   6-10-2020

CC-26579

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON TAYLOR & SANDERS and that on the 10th day of June, 2020, I caused to be served via CM/ECF a true and correct copy of **STIPULATION TO EXTEND DISCOVERY AND AMEND DISCOVERY SCHEDULING ORDER (SECOND REQUEST)**, to the following:

Adam D. Smith, Esq.
Christian A. Miles, Esq.
ADAM SMITH LAW
6130 Elton Ave.
Las Vegas, NV 89107
adam@adamsmithlaw.com
christian@adamsmithlaw.com
*Attorneys for Plaintiff*

*/s/ Nicholas Nelson*
An Employee of
ALVERSON TAYLOR & SANDERS

n:\courtney.grp\cases\26579\pleadings\sao to ext disc.doc