ALVERSON TAYLOR & SANDERS
LEANN SANDERS, ESQ.
Nevada Bar No.: 000390
COURTNEY CHRISTOPHER, ESQ.
Nevada Bar No.: 012717
6605 Grand Montecito Parkway, Ste. 200
Las Vegas, NV 89149
Telephone:  (702) 384-7000
efile@alversontaylor.com
Attorneys for Defendant
NEVADA CVS PHARMACY, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**\*\***

| | |
|---|---|
| ATOM MILLER,<br><br>               Plaintiff,<br><br>vs.<br><br>NEVADA CVS PHARMACY, LLC; a Nevada Limited Liability Company; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>               Defendants. | Case No.:  2:19-cv-01554-RFB-VCF<br><br>**STIPULATION TO EXTEND DISCOVERY AND AMEND DISCOVERY SCHEDULING ORDER**<br>**(THIRD REQUEST)** |

**STIPULATION TO EXTEND DISCOVERY AND AMEND**
**DISCOVERY SCHEDULING ORDER**
**(THIRD REQUEST)**

COMES NOW Plaintiff, ATOM MILLER (hereinafter "Plaintiff"); Defendant NEVADA CVS PHARMACY, L.L.C. (hereinafter "CVS") by and through their respective undersigned counsel of record and hereby stipulate to modifying the Scheduling Order pursuant to FRCP 16(b)(4) and extend discovery pursuant to Local Rule 26-4 as set forth herein.

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) provides that a case management schedule can be modified upon a showing of good cause and by leave of the district judge. The good cause standard primarily considers the diligence of the party seeking the amendment. Johnson v.

Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A party moving for an amendment to a scheduling order must therefore show that the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the amendment once it became apparent that extensions were necessary. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Pursuant to Nevada District Court Local Rule 26-4, a motion *or* stipulation to extend a discovery deadline *or* to reopen discovery must include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery.

## II.

## BACKGROUND

This case arises out of an alleged slip-and-fall incident at the CVS Store in Las Vegas, Nevada (Store No. 8798). Plaintiff's Complaint was filed against CVS, alleging causes of action for negligence. Plaintiff alleges that on December 20, 2017, as he was exiting the CVS store, an advertisement sign had fallen onto the ground due to a gust of wind. Plaintiff alleges he slipped on the sign leading to his injuries as described in his Complaint.

## III.

## STIPULATION & DISCUSSION

All counsel has been diligent in completing discovery and familiarizing themselves with the facts and issues. However, with the delays from the COVID quarantine all required discovery was delayed. In the interim, the parties have engaged in settlement discussions. As such, the parties would like to avoid potentially unnecessary discovery expenses and preserve judicial resources while potentially moving toward a mutual settlement agreement. Thus, it is now anticipated that the current discovery deadlines will be unworkable.

/ / /

/ / /

CC-26579

In addition, a trial has not yet been set and is not imminent; (2) there is no party opposing the request; (3) and no party has expressed prejudice. Therefore, pursuant to the foregoing FRCP 16(b)(4) and Local Rule 26-4 this stipulation is warranted and justified by good cause.

### A.   *Discovery Completed To Date*

1.   Both Plaintiff and CVS have made/served their FRCP 26(f) Disclosures and continue to provide supplements thereto.

2.   Plaintiff has propounded written discovery and Defendant has responded to said written discovery and provided supplements in relation thereto.

3.   Defendant is in the process of obtaining Plaintiff's medical records.

### B.   *Discovery Remaining*

A substantial amount of discovery remains to be completed in this matter. Defendant is still in the process of independently obtaining Plaintiff's medical records. The depositions of Plaintiff Atom Miller and Defendant CVS' 30(b)(6) witness must still be taken; as well as any fact witness deposition that may arise from party depositions.  Experts still need to complete their reviews/inspections, as well as any additional necessary written discovery that may arise in the normal course of discovery.

### C.   *The Reasons Why Discovery Remaining Was Not Completed*

Due to the COVID-19 outbreak most discovery was unable to be safely accomplished, to include site inspections and in-person depositions. During the quarantine period both parties were actively engaging in settlement discussions and believe that a settlement is a potential outcome at this time. Additionally, both parties have had delays with timely acquiring medical and billing records from providers who have also been impacted by the COVID-19 pandemic. The parties are requesting a three month extension to allow them the necessary time to continue with settlement discussions prior to the expert disclosure deadline and the accrual of additional litigation expenses.

/ / /

/ / /

CC-26579

For these good causes shown, the parties propose the following ninety (90) day extension to the Scheduling Order to fully complete discovery and avoid additional requests to extend the same. The deadlines are based on the current state of settlement discussions and allowing for sufficient time to safely notice and take the depositions of Defendants 30(b)(6) witness and Plaintiff, while also providing for additional time for the parties expert to review and submit their reports should settlement discussions prove unsuccessful.

**D.**   *Proposed Amended Scheduling Order*

| Deadline | Current | Proposed |
|---|---|---|
| Interim Status Report | September 10, 2020 | **December 10, 2020** |
| Initial Expert Disclosure | September 10, 2020 | **December 10, 2020** |
| Rebuttal Expert Disclosure | October 12, 2020 | **January 11, 2021** |
| Close of Discovery | November 10, 2020 | **February 10, 2021** |
| Dispositive Motions | December 12, 2020 | **March 10, 2021** |
| Joint Pre-Trial Order | January 11, 2021 | **April 12, 2021** |

**THE FOREGOING IS HEREBY STIPULATED AND AGREED.**

Dated this 1st day of September, 2020.          Dated this 10th day of September, 2020.

ADAM SMITH LAW                                   ALVERSON TAYLOR & SANDERS

*/s/ Christian A. Miles*                          */s/ LeAnn Sanders*
Christian A. Miles, Esq.                          LeAnn Sanders, Esq.
Nevada Bar No.: 013193                            Nevada Bar No.: 000390
6130 Elton Ave.                                   Courtney Christopher, Esq.
Las Vegas, NV 89107                               Nevada Bar No.: 012717
*Attorneys for Plaintiff*                         6605 Grand Montecito Parkway, Ste. 200
ATOM MILLER                                       Las Vegas, NV 89149
                                                  *Attorneys for Defendant*
                                                  NEVADA CVS PHARMACY, LLC

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

*<u>Atom Miller vs. Nevada CVS Pharmacy, LLC</u>*
*Case No.: 2:19-cv-01554-RFB-VCF*
*Stipulation to Extend Discovery and Amend Discovery Scheduling Order (3rd Request)*

### **ORDER**

Pursuant to the stipulation of the appearing parties, and good cause appearing therefore, IT IS SO ORDERED.

Dated this 10th day of September, 2020.

_____
United States Magistrate Judge

Respectfully submitted by,

ALVERSON TAYLOR & SANDERS

By:*/s/ LeAnn Sanders*
LeAnn Sanders, Esq.
Nevada Bar No.: 000390
Courtney Christopher, Esq.
Nevada Bar No.: 012717
6605 Grand Montecito Parkway, Ste. 200
Las Vegas, NV 89149
*Attorneys for Defendant*
NEVADA CVS PHARMACY, LLC

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON TAYLOR & SANDERS and that on the 10th day of September, 2020, I caused to be served via CM/ECF a true and correct copy of **STIPULATION TO EXTEND DISCOVERY AND AMEND DISCOVERY SCHEDULING ORDER (THIRD REQUEST)**, to the following:

Adam D. Smith, Esq.
Christian A. Miles, Esq.
ADAM SMITH LAW
6130 Elton Ave.
Las Vegas, NV 89107
adam@adamsmithlaw.com
christian@adamsmithlaw.com
*Attorneys for Plaintiff*

/s/ Nicholas Nelson
An Employee of
ALVERSON TAYLOR & SANDERS

o:\cases\26579\pleadings\sao to ext disc 03.doc

CC-26579